■ EDWARD V. BUETI, Appellant, v. TOWN OF BEDFORD, Respondent.— In an action for a declaratory judgment, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated July 17, 1972, which dismissed the complaint after a nonjury trial. Judgment reversed, on the law, with costs to defendant, and judgment granted to defendant declaring that its zoning ordinance is not arbitrary, unreasonable, discriminatory, confiscatory, unconstitutional or void and ineffective as it applies to plaintiff's property. The findings of fact below are affirmed. Since this is an action for a declaratory judgment, the complaint should not have been dismissed (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45). We agree, however, with the findings of fact and conclusions of law of Special Term and therefore judgment must be entered in favor of defendant upholding the validity of its zoning ordinance. (See, also, *Williams* v. *Town of Oyster Bay*, 32 N Y 2d 78.) Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ In the Matter of LITTLE TOR HOMES, INC., Respondent, v. JAMES F. COYLE et al., Constituting the Planning Board of the Town of Clarkstown, Appellants. PAUL HEIMLICH et al., Intervenors.— In a proceeding pursuant to article 78 of the CPLR to annul a determination of appellants, the appeal is (1) from an order of the Supreme Court, Rockland County, dated February 16, 1973, which granted the application, and (2) as limited by appellants' brief, from so much of an order of the same court, dated February 28, 1973, as, on reargument, adhered to the original decision. Appeal from order dated February 16, 1973 dismissed, without costs, as academic. That order was superseded by the order dated February 28, 1973, which granted reargument. Order dated February 28, 1973 affirmed insofar as appealed from, without costs. No opinion. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ In the Matter of HELEN WILLIAMS, Petitioner, v. NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.— Proceeding pursuant to article 78 of the CPLR (1) to review a determination of the New York State Department of Social Services, dated November 28, 1972 and made after a hearing, which affirmed a determination of the Nassau County Department of Social Services denying petitioner's request for a grant to meet the cost of painting the outside trim of her home as a property repair, and (2) for alternative relief against the Village of Freeport. Determination annulled, on the law, without costs, and a new fair hearing ordered, at which petitioner's application shall be considered *de novo*. In denying petitioner's application, the respondent Social Service agencies relied on a prior denial of a request for both interior and exterior painting, despite the fact that following the prior denial and prior to the second request the Village of Freeport enacted an ordinance requiring home owners to place a protective coating of paint or other suitable preservative on the exterior wood surfaces of their homes. Furthermore, the village had informed petitioner that she was in violation of the ordinance and had asked her to comply under threat of a fine. We are of the opinion that in the light of the change of circumstances the respondent agencies erred in relying on the first determination and not considering the new facts. Accordingly, a new fair hearing should be had at which time the application should be considered *de novo*. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.